```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**WATKINS STRATEGY & RESOURCE GROUP,**
**LLC**                                                           **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:06–CV–44BS**

**WLC, LLC d/b/a THE LEARNING**
**TOGETHER COMPANY**                                               **DEFENDANT**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the following Motions of Defendant:

1. Motion to Transfer, filed on February 7, 2006, under docket entry no. 5.

2. Motion to Dismiss, filed on March 27, 2006, under docket entry no. 11.

Having considered the Motions, Responses, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1. Defendant's Motion to Transfer should be denied as moot.

2. Defendant's Motion to Dismiss is well taken and should be granted.

**I.   Factual Background and Procedural History**

This case arises out of an alleged contract between Plaintiff Watkins Strategy and Resource Group, LLC. ("Watkins Strategy") and Defendant WLC, LLC d/b/a the Learning Together Company ("Learning

Together"). Watkins Strategy is a Mississippi limited liability company ("LLC") that provides lobbying and marketing services. David Watkins, a licensed Mississippi attorney who resides in Jackson, Mississippi, is the lone member and manager of Watkins Strategy.[1] Learning Together is a North Carolina LLC that develops and sells educational programs to schools.

After a meeting in May of 2004 with David Watkins and Robin Williams, a "business partner" of Watkins, Learning Together alleges that it "orally agreed" to hire "Watkins, Williams and their companies to secure federal legislative appropriations in Washington, D.C.; to create sales of Learning Together's educational programs in schools in the State of Virginia and to provide legal services in connection with this work." Defendant's Brief in Support of Motion to Dismiss, p. 2. Watkins Strategy on the other hand contends that it entered into a "written consulting agreement" with Learning Together on August 1, 2004, to "perform certain lobbying activities in Mississippi and in Washington to fund a Mississippi project for Learning Together." Plaintiff's Brief in Response to Motion to Dismiss, p. 2. Learning Together denies having any knowledge of the unsigned written contract.

---

[1] David Watkins is also the sole owner of Watkins and Associates, PLLC, a Mississippi law firm located in Jackson, Mississippi. Watkins and Associates, PLLC, is a member of Watkins and Young, PLLC, also a Mississippi law firm located in Jackson.

Pursuant either to the oral agreement or the written contract, Watkins, Williams, and their related companies began lobbying on behalf of Learning Together in August 2004. Learning Together however was not satisfied with the services and terminated its relationship with Watkins, Williams, and their companies at some point in Spring 2005.  On September 8, 2005, Learning Together sent a demand letter to Watkins ("September 8 demand letter"), outlining various claims Learning Together believed it had against Watkins, Watkins Strategy, and the Watkins & Young law firm. The claims set forth in the September 8 demand letter included breach of fiduciary duty, fraud, legal malpractice, and racketeering. The September 8 demand letter also warned Watkins and the related entities that Learning Together would file suit in North Carolina if a settlement was not reached.

On December 8, 2005, Watkins Strategy filed this declaratory judgment action against Learning Together in the Circuit Court of Hinds County, Mississippi ("Mississippi Action"), essentially seeking a declaration by the court that it did not breach the written contract and is not liable to Learning Together. After being served with the Complaint in the Mississippi Action, Learning Together filed suit in North Carolina state court on January 4, 2006, naming as Defendants Watkins Strategy, Watkins & Associates, PLLC, Watkins & Young, PLLC, and other entities related to Watkins Strategy ("North Carolina Action"). The North Carolina Action

essentially alleges the same facts and asserts the same causes of action cited in the September 8 demand letter.

Learning Together removed the Mississippi Action to this Court on January 20, 2006, on the basis of diversity of citizenship jurisdiction. The North Carolina Action was also removed to the United States District Court for the Middle District of North Carolina on February 6, 2006.[2]

On February 7, 2006, Learning Together filed a Motion to Transfer Venue in this action. In its Motion to Transfer Venue, Learning Together contends that this Court lacks personal jurisdiction over it and pursuant to 28 U.S.C. §§ 1404 and 1406, seeks a transfer of venue to the Middle District of North Carolina. Subsequently, on March 27, 2006, Learning Together filed a Motion to Dismiss. Learning Together urges in its Motion to Dismiss that this case should be dismissed because Watkins Strategy filed this case in anticipation of Learning Together filing the North Carolina Action. The Court will now consider these two Motions.

## II.  Analysis – Motion to Dismiss

The Court must first decide whether the Motion to Dismiss was timely raised. Watkins Strategy argues that the Court should not consider the Motion to Dismiss because it is essentially a motion

---

[2] A motion to remand, filed by Learning Together, and a motion to dismiss for lack of personal jurisdiction, filed by all defendants including Watkins Strategy, are currently pending in the North Carolina Action.

to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Because Learning Together failed to raise the issue along with its earlier-filed Motion to Transfer, which Watkins Strategy claims is tantamount to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Watkins Strategy reasons that Learning Together has waived the right to bring the Motion to Dismiss. The Court however does not believe that the later-filed Motion to Dismiss is the equivalent of a Rule 12(b)(3) motion to dismiss for improper venue. Learning Together does not contend in the Motion to Dismiss that venue does not lie in this district or that this court does not have jurisdiction. Rather, through the Motion to Dismiss, Learning Together asks the Court to decline to exercise jurisdiction over this case. The Court therefore finds that Learning Together has not waived its right to raise this issue and will now consider the merits of the Motion to Dismiss.

Learning Together requests that the Court exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, and abstain from hearing this case. Under the Declaratory Judgment Act, district courts have wide discretion in deciding whether to entertain a declaratory judgment action or dismiss the action. Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983). The United States Court of Appeals for the Fifth Circuit has set forth the following seven factors – known as the

5

Trejo factors – that the Court must consider when deciding whether to dismiss a declaratory action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing this suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purpose of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom parallel state suit between the same parties is pending.

Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 388 (5th Cir. 2003) (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994). In Sherwin-Williams, the Fifth Circuit opined that the seven Trejo factors address broader concerns of federalism, fairness, and efficiency. Id. at 390-391. The Court will now apply these factors to the circumstances surrounding this case.

**II.A. Whether there is a pending state action in which all of the matters in controversy may be fully litigated.**

The instant case presents a peculiar situation regarding the first Trejo factor. The North Carolina Action, which was originally filed in state court, has now been removed to federal court. Watkins Strategy argues that the Court should only consider whether a state court action is pending and that the pendency of a parallel

federal court action is irrelevant. Citing Sherwin-Williams, Watkins Strategy argues that this factor is rooted in concerns of federalism which is not at issue when two cases are pending in federal court. Conversely, Learning Together avers that the absence of a federalism concern is overridden by the fact that the North Carolina Action is the only action in which all claims were raised and all parties joined, thereby making it the only forum that could fully adjudicate the parties' disputes.

Although it appears that the Fifth Circuit has not applied the first Trejo factor where the parallel proceeding is before a federal court, other courts in this circuit have been faced with this same situation. Chapa v. Mitchell, No. A-05-CV-769-JN; 2005 WL 2978396 (W.D. Tex. Nov. 4, 2005); Pertuit v. YouthSpan, Inc., Nos. Civ. A. 02-1188, 02-3443; 2003 WL 356021 (E.D. La. Feb. 13, 2003). In both Chapa and Pertuit, the courts overlooked the fact that a state court action was not pending and focused on the fact that all issues raised in the declaratory action could be adjudicated in the parallel federal action. Chapa, 2005 WL 2987396, at *3; Pertuit, 2003 WL 356021, at *5. Implicit in the analysis of both courts is that the first Trejo factor is not based exclusively in concerns for federalism, but also efficiency. This recognition is consistent with the reasoning of the Fifth Circuit in Sherwin-Williams, where the court explained that the first Trejo factor "requires the court to examine comity *and* efficiency." Sherwin-Williams, 343 F.3d at

391 (emphasis added). The Court therefore concludes that pendency of a state court action is not dispositive of the first factor, and the fact that a parallel proceeding is pending in a sister federal court should be taken into consideration. In the case *sub judice*, all claims raised in the Mississippi Action are clearly addressed in the North Carolina Action. In fact, the North Carolina Action is even more inclusive of all issues surrounding the dispute between the parties. The Court therefore finds that the first Trejo factor favors abstention.

    Alternatively, Watkins Strategy urges that even if the Court can consider a parallel federal court action when analyzing the first Trejo factor, the first-to-file rule should preclude dismissal of this case. The first-to-file rule is generally applicable where two cases with substantially overlapping issues are pending in two federal courts. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). Under the rule, the court where the earlier filed action is lodged is the preferred forum. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997). However, an exception to the general rule arises "where a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant." Am. Reliable Ins. Co. v. Arrington, 269 F.Supp.2d 758, 760 (S.D. Miss. 2003) (Lee, C.J.).³

---

    ³ Watkins Strategy asserts that the first-to-file rule should only be disregarded under "compelling circumstances." The "compelling circumstances" exception however is only one exception

Watkins Strategy has admitted that it filed the Mississippi action anticipating that Learning Together would file suit in North Carolina. Therefore, the exception to the first-to-file rule recognized in Arrington applies in this case and thereby precludes application of the rule.

**II.B. Whether Watkins Strategy filed suit in anticipation of a lawsuit by Learning Together**.

As the Court mentioned *supra*, Watkins Strategy concedes that it filed the Mississippi Action in anticipation that Learning Together would file suit in North Carolina. However, Watkins Strategy asserts that merely filing a declaratory judgment action in anticipation of the defendant filing suit is not automatic grounds for dismissal. Because it waited three months after receiving the demand letter and further because settlement negotiations had been unproductive, Watkins Strategy believes it was justified in filing the declaratory action.

Although there is no *per se* rule of dismissal for preemptive declaratory judgment actions, a putative defendant must not have an

---

to the generally applicable first-to-file rule. Chapa, 2005 WL 2978396, at *2. A separate and distinct exception to the rule applies where, as in this case, the first filed action is a *declaratory* suit filed in *anticipation* of the defendant's filing suit against the plaintiff. A party need not demonstrate "compelling circumstances" under this later exception to the first-to-file rule. Arrington, 269 F.Supp.2d at 760. But see Boatmen's First Nat'l Bank of Kan. City v. Kan. Pub. Employees Ret. Sys., 57 F.3d 638, 641 (8th Cir. 1995)(stating that a preemptively filed declaratory judgment action is a "red flag" for "compelling circumstances").

impermissible purpose in filing such action. Sherwin-Williams, 343 F.3d at 397. Avoiding a multiplicity of suits, seeking a determination of rights where litigation has been looming for a long period of time, and where the expiration of a statute of limitation is impending are all excepted reasons for filing a preemptive declaratory action. See id. at 397-99; Tex. Employers' Ins. Assoc. v. Jackson, 862 F.2d 491, 505 (5th Cir. 1988). The Fifth Circuit however has warned that "using a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purpose of the Declaratory Judgment Act and should not be countenanced." Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993).

In the case at bar, Watkins Strategy is not facing a multiplicity of suits, and it does not argue that an applicable statute of limitation will soon expire. Further, it does not appear from the evidence presented by the parties that Learning Together might have indefinitely delayed filing a lawsuit against Watkins Strategy. Thus, the Court is not persuaded that Watkins Strategy faced such a prolonged uncertainty regarding its potential liability that it was justified in filing a preemptive declaratory action. Instead, it seems as if the lone motivation of Watkins Strategy in filing the declaratory action was to gain a tactical advantage over Learning Together by choosing its desired forum, which is not a permissive reason to preemptively file a lawsuit.

Cain, 2006 WL 1028960, at *6 ("The Declaratory Judgment Act is not a tool [to] be used by potential litigants to secure a forum of their choosing."). Because Watkins Strategy filed this declaratory action in anticipation of Learning Together filing a lawsuit, with no acceptable reason for doing so, the second Trejo factor supports abstention.

**II.C. Whether Watkins Strategy engaged in forum shopping in bringing this suit**.

In concluding that the Mississippi Action was filed in anticipation of Learning Together filing a lawsuit in North Carolina, the Court has essentially determined that Watkins Strategy participated in forum shopping. The Fifth Circuit has explained that an anticipatory filing is one aspect of forum shopping. Mission Ins. Co., 706 F.2d at 602 n.3.[4] Watkins Strategy argues nonetheless that its choice of a Mississippi forum was not forum shopping because North Carolina was the only alternative forum and it was not rationale to ask a North Carolina court to apply Mississippi law to determine the rights of the parties under the alleged written contract. Although Mississippi may very well be the more appropriate forum to litigate this dispute, Watkins Strategy, as the putative defendant, did not have the right to make

---

[4] The court in Sherwin-Williams also recognized the interrelatedness of the second, third and also the forth Trejo factors as the three factors all have an underlying theme of fairness. The Sherwin-Williams court even commingled its analysis of the three factors.

11

this determination.  Whether Mississippi or North Carolina is the better forum is a question that should be decided by the court chosen by the putative plaintiff, in this case, the North Carolina court. As such, the third Trejo factor militates toward dismissal.

**II.D. Whether the possible inequities in allowing Watkins Strategy to gain precedence in time or to change forums exist.**

The Court finds that inequities would undoubtedly result if this action were to proceed. As the true "injured party," Learning Together should have the opportunity to choose the forum in which to pursue its claims. Learning Together is the "real plaintiff" in the dispute between these parties. Generally, the plaintiff in litigation should have the right to choose the forum. Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989). If Watkins Strategy were allowed to maintain the Mississippi Action, Learning Together, as the real plaintiff, would be deprived of its choice of forum, (unless, of course, the North Carolina court decides to transfer the North Carolina Action to this Court). The fourth Trejo factor therefore leans toward  dismissal of this action.

**II.E. Whether the federal court is a convenient forum for the parties and witnesses.**

The Court finds that the fifth Trejo factor is a neutral factor. Learning Together and its witnesses, who almost all reside in North Carolina, will be inconvenienced in the Mississippi Action. Conversely, Watkins Strategy will be inconvenienced in the

North Carolina forum as all of its witnesses reside in Mississippi. Thus, at least one of the parties and its respective witnesses will be inconvenience regardless of the forum chosen.

### II.F. Whether retaining the lawsuit would serve the purpose of judicial economy.

The Court likewise finds that the sixth Trejo factor is neutral. Learning Together argues that the North Carolina suit would better serve the interest of judicial economy because, unlike this suit, the North Carolina Action includes all claims and all necessary parties. However, Learning Together fails to explain why the additional claims could not be raised in the Mississippi Action as counterclaims and the necessary parties joined as third-party defendants. Thus, judicial economy will be served equally in either forum.[5]

In light of the foregoing analysis, the Court concludes that the Trejo factors weigh in favor of abstention. The Court therefore declines to exercise its authority to hear this declaratory judgment action and will grant the Motion to Dismiss of Learning Together.

### III. Analysis – Motion to Transfer

---

[5] The seventh Trejo factor regarding state judicial decrees is inapplicable in this case.

Because the Court will grant the Motion to Dismiss of Learning Center, the Motion to Transfer is now moot and must therefore be denied.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [docket entry no. 11] is well taken and is hereby granted. This case is hereby dismissed, without prejudice. A Final Judgment will be entered reflecting the final resolution of this matter.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer [docket entry no. 5] is hereby denied as moot.

SO ORDERED this the 23rd day of May, 2006.

                                                _____
                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE

blj